UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

BONNIE REEVES,

    Plaintiff,

v.

LITTLE EINSTEIN PRESCHOOL, LLC, a Florida limited liability company; LITTLE EINSTEIN PRESCHOOL II, LLC, a Florida limited liability company; ARLENE M. FOLDS, an individual; and SHELLIE M. FOLDS, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, BONNIE REEVES, ("REEVES"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, LITTLE EINSTEIN PRESCHOOL, LLC, a Florida limited liability company, (hereinafter "EINSTEIN"); LITTLE EINSTEIN PRESCHOOL II, LLC, a Florida limited liability company, (hereinafter "EINSTEIN II"); ARLENE M. FOLDS, an individual, (hereinafter "A. FOLDS"), and SHELLIE M. FOLDS, an individual, (hereinafter "S. FOLDS"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and also, minimum wages under the FMWA, Art, X, §24 of the Fla. Constitution, and Fla. Stat. 448.110.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants, EINSTEIN and EINSTEIN II, were enterprises engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendants regularly owned and operated a businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated preschools. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce.

4. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

5. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

6. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida, and,

    b. Defendants were and continue to be a corporations and individual doing business within this judicial district.

## PARTIES

7. At all times material hereto, Plaintiff, REEVES, was and continues to be a resident of Winter Haven, Polk County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

8. At all times material hereto, corporate Defendants, EINSTEIN and EINSTEIN II, were conducting business in Lakeland and Winter Haven, Polk County, Florida, with their principal places of business in those cities.

9. At all times material hereto, Defendants, EINSTIEN, EINSTEIN II, A. FOLDS and S. FOLDS were the employers of Plaintiff, REEVES.

10. At all times material hereto, Defendants were and continue to be an "employer[s]" within the meaning of the FLSA.

11. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, REEVES her lawfully earned wages in conformance with the FLSA.

12. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

13. At all times material hereto, corporate Defendants, EINSTEIN and EINSTEIN II, were and continue to be an "enterprise[s] engaged in commerce" within the meaning of the FLSA.

14. At all times material hereto, the work performed by Plaintiff, REEVES, was directly essential to the business performed by Defendants.

15. Plaintiff, REEVES, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. On or about March 18, 2016, Plaintiff was hired by the Defendants at the Defendants' preschools as a preschool teacher and directors' assistant. Her employment terminated on February 16, 2017.

17. During the period of time that Plaintiff worked for Defendants, she was paid below the minimum wage for many of her work hours.

18. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying wages in conformance with the FLSA.

19. Defendants, A. FOLDS and S. FOLDS were supervisors and or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

20. Defendants, A. FOLDS and S. FOLDS were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, REEVES.

21. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

22. Plaintiff, REEVES, repeats and realleges Paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff, REEVES' employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

24. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, REEVES, was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

25. Plaintiff would frequently work between about 45 to 58.75 hours per week, but never received any compensation for her overtime hours.

26. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, REEVES, at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

27. Defendants failed to properly disclose or apprise Plaintiff, REEVES, of her rights under the FLSA.

28. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, REEVES, is entitled to liquidated damages pursuant to the FLSA.

29. Due to the willful and unlawful actions of the Defendants, Plaintiff, REEVES, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

30. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, REEVES, respectfully requests that judgment be entered in her favor against the Defendants:

    a.      Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages equal to the overtime wages due or calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

31. Plaintiff realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

32. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

33. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

34. Plaintiff worked hours for the Defendants for which she was paid below the statutory minimum wage for many of her hours,

35. The Defendants' failure to pay Plaintiff the proper minimum wage was willful.

36. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due, or other amount found to be due;

b. liquidated damages for other amount determined to be due;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110 FLORIDA STATUTES

37. Plaintiff realleges Paragraphs 1 through 21 as if fully stated herein.

38. Pursuant to Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

39. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for many of her work hours. The Defendants acted willfully.

WHEREFORE, Plaintiff respectfully request that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

g. declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: June 9, 2017.

          Respectfully submitted,

          BOBER & BOBER, P.A.
          Attorneys for Plaintiff
          1930 Tyler Street
          Hollywood, FL 33020
          Phone: (954) 922-2298
          Fax: (954) 922-5455
          peter@boberlaw.com
          samara@boberlaw.com

          By: s/. Peter Bober
               PETER BOBER
               FBN: 0122955